NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0892n.06

No. 10-2683

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Aug 14, 2012

LEONARD GREEN, Clerk

RUSSELL MARCILIS, II, FELICIA MARCILIS,
JASMINE MARCILIS, RUSSELL MARCILIS, I, and
MARIE MARCILIS,

      Plaintiffs-Appellees,

v.

BRIAN JONES, ERIC WOODALL, ERIC GILLMAN, and
JOHN BUTLER,

      Defendants-Appellants,

TOWNSHIP OF REDFORD,
KEVIN JEZIOROWSKI, WILLIAM HAND,
BRAD BOYLE, DAVE LIVINGSTON, and
CHRIS RICHARDSON,

      Defendants.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

BEFORE:    MARTIN, SUTTON, and KETHLEDGE, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. This is an appeal from a denial of qualified immunity arising from a case concerning a federal task force narcotics raid at two homes. Plaintiffs, members of the Marcilis family and the residents of the searched homes, filed a civil rights action pursuant to 42 U.S.C. § 1983. The Marcilises' civil rights action alleged: (1) that they were subjected to excessive force, illegal search and seizure, and malicious prosecution; (2) retaliation in

violation of the First Amendment; and (3) violations of the "knock and announce" rule. The Redford Township, Michigan, and Detroit, Michigan police officers involved in the raid, and Redford Township, moved for summary judgment. The district court granted the motion for summary judgment on all claims except the alleged violation of the "knock and announce" rule. The district court denied the police officers qualified immunity on the alleged violation of the "knock and announce." The Redford Township police officers appeal the denial of qualified immunity. We **AFFIRM** the judgment of the district court.

I.

On March 2, 2007, search warrants were executed for two residences: 5966 Manistique Street, in Detroit, Michigan, the home of Russell Marcilis I and his wife, Marie Marcilis; and 17268 Suffield Drive, in Clinton Township, Michigan, the home of Russell Marcilis II and his wife, Felicia Marcilis, and where Jasmine Marcilis was visiting. The ensuing raids were conducted by agents from the Drug Enforcement Administration, Redford Township police officers, and a Detroit police officer.

At approximately 10 a.m., the federal agents and the police officers arrived at 17268 Suffield Drive. Both Marcilis II and Felicia testified by affidavit that, at the time of the search, they were inside the house and approximately fifteen feet from the front door; they were in bed and awake; the television and radio were off; and there were no other distractions in the house. They "never heard [the police officers] knock on the door, announce their presence, or announce their purpose." The federal agents and the police officers entered and searched the Suffield Drive home.

After searching the Suffield Drive home, the federal agents and the police officers went to 5966 Manistique Street. Marie testified that, at the time the officers arrived at the house, she was inside the house and approximately three feet from the front door, next to her husband Russell I, and that "no one ever knocked or announced their presence." She also stated that there were "no televisions or radios playing or any other noises or distractions which would have prohibited me from hearing anyone knock on the door or announce their presence had this in fact been done." Jasmine testified by affidavit that she was inside the house and approximately ten feet from the door; that the police did not knock or announce their presence; and that there were no distractions. Marcilis I testified that he was inside the house and two feet from the door, and stated that the police did not knock or announce their presence and that he was not distracted by noises or other auditory distractions.

According to the Police Incident Report recounting both searches, the federal agents and the police officers knocked and announced at each house. Redford Township Police Officer Brian Jones executed an affidavit stating that the officers "knocked on the front doors of the homes and announced their presence and purpose prior to entering the homes."

The Marcilises filed this suit on April 30, 2009, and twice thereafter amended the complaint. On August 16, 2010, the district court dismissed all claims against the federal agents for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6), but allowed the claims to proceed against the police officers and Redford Township. On November 18, the district court granted in part Redford Township and the police officers' motion for summary judgment. The district court dismissed all pending claims against Redford Township and the police officers except the claim for

failure to knock and announce. As to this claim, the police officers asserted the defense of qualified immunity; the district court rejected that defense. The Redford Township police officers appeal the denial of qualified immunity.

II.

The Redford Township police officers argue that the district court erred in denying summary judgment on the Marcilises' claim that the officers failed to knock and announce their presence because they are entitled to qualified immunity on this claim. The failure of police officers to knock and announce prior to forcibly entering a location to execute a search warrant, absent exigent circumstances, is a violation of the Fourth Amendment. *United States v. Dice*, 200 F.3d 978, 982 (6th Cir. 2000) (abrogated on other grounds by *Hudson v. Michigan*, 547 U.S. 586 (2006)). Because the Marcilises allege and provide supporting evidence that the police officers did not knock and announce their presence, the district court determined that there is an issue of material fact as to whether the police officers actually did knock and announce, and a legal question as to whether they are due qualified immunity on this claim.

"We review de novo denials of motions for summary judgment on purely legal grounds [and] we review for abuse of discretion denials based on the finding of a genuine issue of material fact." *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 459 (6th Cir. 2011). This Court reviews de novo "a district court's denial of summary judgment on the grounds of qualified immunity." *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011).

A.      Jurisdiction

Under 28 U.S.C. § 1291, we have jurisdiction over an appeal "only from a 'final decision' of the district court." *Bishop*, 636 F.3d at 764. An order denying qualified immunity—though not considered a final judgment—is immediately appealable on the issue of qualified immunity "to the extent that a summary judgment order denies qualified immunity based on a pure issue of law." *Gregory v. City of Louisville*, 444 F.3d 725, 742 (6th Cir. 2006).

We conclude that we have jurisdiction. In *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009), we held we had jurisdiction to review on appeal the question of whether the district court erred in denying qualified immunity to police officers who were accused of having failed to announce their presence outside of a bedroom door during the search of a home. In *Chappell*, witnesses maintained that they did not hear the officers announce their presence; the officers maintained that they had announced their presence; and the district court determined that this conflict created a genuine issue of material fact. The officers argued on appeal that the factual discrepancy was not material to the issue in the case—whether the officers' use of deadly force violated the Fourth Amendment. In *Chappell*, we clarified that "the district court's determination that there is a factual dispute does not necessarily preclude appellate review [of a denial of qualified immunity] where . . . the ruling also hinges on legal errors as to whether the factual disputes (a) are *genuine* and (b) concern *material* facts." *Id.* As in *Chappell*, the question at issue on appeal here is whether the testimony by the Marcilises that they did not hear the officers knock and announce is legally sufficient to establish a genuine issue of material fact as to whether the officers committed a constitutional violation. Thus, as in *Chappell*, we determine that the police officers are not "merely quibbling with the district court's reading of the factual record," but instead have identified a purely

legal issue that is within our appellate jurisdiction as a review of a denial of qualified immunity. *Id.* (internal quotation marks omitted). Because we have jurisdiction to hear the police officers' appeal of this matter, we now assess the police officers' qualified immunity claim.

B.      Qualified Immunity

The police officers argue that the district court was wrong to find that the dispute over whether a knock and announce took place at each searched house presents genuine issues of material fact. The police officers rely primarily on *Chappell*, *id.* at 914, to support their claim that these facts were insufficient to support a finding that there is a genuine issue of material fact. In *Chappell*, we found that there was no genuine issue of material fact despite witness accounts that they did not "hear" officers announce their presence prior to entering a bedroom where a suspect was located during the search of a residence. We found that three witnesses' failure to hear announcements "establishe[d] only that the witnesses didn't hear the announcements," and not that the announcement didn't occur. *Id.* As a result, we found that the evidence regarding whether an announcement was heard did not actually raise a genuine issue of material fact as to whether the announcement had actually occurred.

*Chappell* is distinguishable from this case. In *Chappell*, it was pivotal to our analysis that whether the officers had failed to announce their presence was not material to the question of whether the officers had used reasonable force because any announcement by the officers of their presence would not have been a factor in determining if the officers had probable cause to use deadly force. In this case, whether the officers knocked on the doors and announced their presence before entering the Suffield Drive and Manistique Street residences is material to the question of whether

the police actually complied with the constitutional rule requiring that police knock and announce their presence before entering a residence. The dispute is also genuine. In *Chappel*, evidence showed that the plaintiffs were distracted in conversation during the knock. *Id.* Here, there is no evidence to suggest that any of the Marcilises would have failed to hear a knock. It has long been clearly established in this Circuit that "the Fourth Amendment forbids the unannounced, forcible entry of a dwelling in the absence of exigent circumstances." *United States v. Francis*, 646 F.2d 251, 258 (6th Cir. 1981). The district court did not err in declining to find the officers are entitled to qualified immunity at this stage.

III.

For the forgoing reasons, we **AFFIRM** the judgment of the district court.